Dear Mr. Landry:
I am in receipt of your request submitted to the Attorney General's Office on behalf of the Iberia Parish School Board pertaining to Act 398 of 1993 which amends LSA-R.S. 17:421.3. Specifically, you ask:
 Whether Iberia Parish School Board would be in violation of LSA-R.S. 17:421.3(E) if they continue to compensate principals based on enrollment which could result in a decrease in salary for some principals? LSA-R.S. 17:421.3(E) states the following:
 On or after August 15, 1993, the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, nor shall the amount of the annual salary paid to any teacher be reduced at any time during an academic year.
You have indicated in a letter dated July 25, 1994 to Mr. Eugene Baundry, Jr., Assistant Superintendent of the Iberia Parish School Board, that unlike many other school systems, the Iberia Parish School system establishes the pay for principals based on enrollment. You have also indicated that it is understood contractually with the principals that their fixed salary for any upcoming school year shall be adjusted as per enrollment figures after the first six weeks of school. You have stated that the School Board's method of paying principals is defensible since it can be claimed that the principals contractually agree that their salaries will be fixed on an enrollment basis. Additionally, you suggest that the School Board could avoid any conflict between LSA-R.S. 17:421.3(E) and the method of pay for the principals in Iberia Parish by requiring that each principal acknowledge such pay arrangement in writing with the following language:
 Despite the provisions of La. R.S. 17:421.3(E) the undersigned does acknowledge and agree that Iberia Parish School Board Policy F 10.10 shall control and supersede the provisions of La. R.S. 17:421.3(E) with regards to the fixed salaries of principals which is based and determined on a method of enrollment.
LSA-R.S. 17:421.5(A) sets the minimum salary a principal is to receive. It states:
 Notwithstanding any other provision of law to the contrary, every superintendent, principal, assistant principal, instructional supervisor, visiting teacher, social worker, or any other certified or licensed personnel who is employed in that capacity by a city or parish school board and whose salary is provided through the minimum foundation program formula shall receive a minimum salary equal to an additional one-ninth for each additional month employed beyond nine based on the salary he would receive as a teacher paid under the provisions of the minimum salary schedule for teachers as provided in R.S. 17:421.3. (Emphasis added).
LSA-R.S. 1:3 defines the word "shall" which is used in the statute above as "mandatory".
Since LSA-R.S. 17:421.5(A) specifies that the minimum salary of a principal shall be based on the salary he would receive as a teacher paid under the provisions of the minimum salary schedule for teachers as provided in R.S. 17:421.3 and since section (E) of that statute states that the amount of the annual salary paid to any teacher in any school year shall not be reduced below the amount of such salary paid during the previous school year, the pay structure in effect for principals employed by the Iberia Parish School Board is in violation of the law. Although you indicate that the principals can contractually agree that their salaries can be fixed on an enrollment basis, there is no exception in the statute to permit such an arrangement.
Additionally, Section B of LSA-R.S. 17:421.5 states:
 Notwithstanding any other provision of law to the contrary, the funds of any city or parish school board used for supplemental salary payments to school administrators as provided in Subsection A of this Section shall continue to be paid to the administrators and shall not be redirected to any other purpose.
Therefore, the Iberia Parish School Board is in violation of LSA-R.S. 17:421.3(E) as well as LSA-R.S. 17:421.5(A) if they compensate principals based on enrollment which would result in a decrease in salary. I hope this opinion has sufficiently addressed your concerns.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Beth Conrad Langston Assistant Attorney General